**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM BEACH DIVISION**

**Case No.: 9:23-cv-80309-RS**

SHANNEN DUGAN,

      Plaintiff,

v.

ACCOUNT RESOLUTION SERVICES, and
EXPERIAN INFORMATION SOLUTIONS,
INC.,

      Defendants.

_____/

**<u>DEFENDANT, HEALTHCARE REVENUE RECOVERY GROUP, LLC d/b/a ARS
ACCOUNT RESOLUTION SERVICES' ANSWER AND AFFIRMATIVE DEFENSES
TO PLAINTIFF'S COMPLAINT</u>**

COMES NOW, Defendant, HEALTHCARE REVENUE RECOVERY GROUP, LLC
d/b/a ARS ACCOUNT RESOLUTION SERVICES[1] ("ARS"), and files its Answer and
Affirmative Defenses to the Plaintiff's Complaint in the above-entitled matter, denies each and
every allegation in the Complaint [DE 1], unless otherwise admitted or qualified in this Answer,
and states and alleges as follows:

**<u>PRELIMINARY STATEMENT</u>**

1.      Admitted for purposes of claims identification, subject matter jurisdiction, and
venue only; otherwise denied.

2.      The allegations in this paragraph are asserted against a Defendant other than
Defendant ARS; therefore, Defendant ARS lacks the factual knowledge to admit or deny this

_____

[1] The case caption incorrectly states the Defendant entity that was served in this action.

paragraph. However, to the extent that the allegations are asserted directly or indirectly against Defendant ARS, the allegations are denied, and Defendant ARS demands strict proof thereof.

3.      Admitted for purposes of claims identification, subject matter jurisdiction, and venue only; otherwise denied. Defendant ARS specifically denies any allegation of wrongdoing or violation of the Fair Credit Reporting Act.

4.      Admitted for purposes of claims identification, subject matter jurisdiction, and venue only; otherwise denied. Defendant ARS specifically denies any allegation of wrongdoing or violation of the Fair Debt Collection Practices  Act.

5.      Denied. Defendant ARS demands strict proof as no such relief is provided by the FDCPA.

6.      Denied. Defendant ARS demands strict proof thereof.

7.      Denied. Defendant ARS demands strict proof thereof.

8.      Denied. Defendant ARS demands strict proof thereof.

## **JURISDICTION**

9.      Admitted for purposes of jurisdiction and venue only; otherwise denied.

10.     Admitted for purposes of venue only; otherwise denied.

## **PARTIES**

11.     Admitted for purposes of jurisdiction and venue only; otherwise denied.

12.     Admitted for purposes of jurisdiction and venue only; otherwise denied.

13.     Admitted for purposes of jurisdiction and venue only; otherwise denied.

14.     Admitted for purposes of jurisdiction and venue only; otherwise denied.

15.     Admitted for purposes of jurisdiction and venue only; otherwise denied.

16.     The allegations in the paragraph are asserted against a Defendant other than Defendant ARS; therefore, Defendant ARS lacks the factual knowledge to either admit or deny this paragraph. However, to the extent that the allegations are asserted directly or indirectly against Defendant ARS, the allegations are denied, and Defendant ARS demands strict proof thereof.

17.     The allegations in the paragraph are asserted against a Defendant other than Defendant ARS; therefore, Defendant ARS lacks the factual knowledge to either admit or deny this paragraph. However, to the extent that the allegations are asserted directly or indirectly against Defendant ARS, the allegations are denied, and Defendant ARS demands strict proof thereof.

18.     The allegations in the paragraph are asserted against a Defendant other than Defendant ARS; therefore, Defendant ARS lacks the factual knowledge to either admit or deny this paragraph. However, to the extent that the allegations are asserted directly or indirectly against Defendant ARS, the allegations are denied, and Defendant ARS demands strict proof thereof.

## **ALLEGATIONS**

19.     Admitted to the extent that the provisions of the federal Fair Credit Reporting Act ("FCRA"), including, but not limited to, Section 1681(a)(1-4), are self-evident (without emphasis added). However, to the extent that such reference is offered to allege that Defendant ARS violated such provision, the allegation is denied.

20.     Admitted to the extent that the provisions of the federal Fair Credit Reporting Act ("FCRA") are self-evident (without emphasis added). However, to the extent that such reference is offered to allege that Defendant ARS violated such provision, the allegation is denied.

21.     The allegations contained in the paragraph are asserted statements or evidence that are not presently within the possession, custody, or control of Defendant ARS. Therefore, Defendant ARS lacks the factual knowledge to admit or deny this paragraph. However, to the

extent that the allegations are asserted directly or indirectly against Defendant ARS for the admission of liability, direct, indirect, or vicarious, the allegations are denied, and Defendant ARS demands strict proof thereof.

22.    Admitted to the extent that Defendant ARS complied with the provisions of the FCRA and FDCPA; otherwise denied.

23.    Denied. Defendant ARS demands strict proof thereof.

## FDCPA

24.    Admitted to the extent that the provisions of the federal Fair Debt Collection Practices Act ("FDCPA"), including, but not limited to, Section 1692 et seq., are self-evident. However, to the extent that such reference is offered to allege that Defendant ARS violated such provisions, the allegations are denied.

25.    Admitted to the extent that the provisions of the federal Fair Debt Collection Practices Act ("FDCPA"), including, but not limited to, Section 1692 et seq., are self-evident. However, to the extent that such reference is offered to allege that Defendant ARS violated such provisions, the allegations are denied.

## FACTUAL ALLEGATIONS

26.    The allegations in this paragraph are unknown to Defendant ARS at this time and lack sufficient knowledge, without the benefit of discovery, including taking Plaintiff's deposition. Therefore, Defendant ARS shall deny the allegation until such time as proper and sufficient evidence has been provided to either admit or deny the allegation.

27.    The allegations in this paragraph are unknown to Defendant ARS at this time and lack sufficient knowledge, without the benefit of discovery, including taking Plaintiff's deposition.

Therefore, Defendant ARS shall deny the allegation until such time as proper and sufficient evidence has been provided to either admit or deny the allegation.

28.     The allegations in this paragraph are unknown to Defendant ARS at this time and lack sufficient knowledge, without the benefit of discovery, including taking Plaintiff's deposition. Therefore, Defendant ARS shall deny the allegation until such time as proper and sufficient evidence has been provided to either admit or deny the allegation.

29.     Denied as to the reference to the debt as the "ARS account" Otherwise, denied

30.     The allegations in this paragraph are unknown to Defendant ARS at this time and lack sufficient knowledge, without the benefit of discovery, including taking Plaintiff's deposition. Therefore, Defendant ARS shall deny the allegation until such time as proper and sufficient evidence has been provided to either admit or deny the allegation.

31.     The allegations in this paragraph are unknown to Defendant ARS at this time and lack sufficient knowledge, without the benefit of discovery, including taking Plaintiff's deposition. Therefore, Defendant ARS shall deny the allegation until such time as proper and sufficient evidence has been provided to either admit or deny the allegation.

32.     The allegations in this paragraph are unknown to Defendant ARS at this time and lack sufficient knowledge, without the benefit of discovery, including taking Plaintiff's deposition. Therefore, Defendant ARS shall deny the allegation until such time as proper and sufficient evidence has been provided to either admit or deny the allegation.

33.     The allegations in this paragraph are unknown to Defendant ARS at this time and lack sufficient knowledge, without the benefit of discovery, including taking Plaintiff's deposition. Therefore, Defendant ARS shall deny the allegation until such time as proper and sufficient evidence has been provided to either admit or deny the allegation.

34.     The allegations in this paragraph are unknown to Defendant ARS at this time and lack sufficient knowledge, without the benefit of discovery, including taking Plaintiff's deposition. Therefore, Defendant ARS shall deny the allegation until such time as proper and sufficient evidence has been provided to either admit or deny the allegation.

35.     The allegations in this paragraph are unknown to Defendant ARS at this time and lack sufficient knowledge, without the benefit of discovery, including taking Plaintiff's deposition. Therefore, Defendant ARS shall deny the allegation until such time as proper and sufficient evidence has been provided to either admit or deny the allegation.

36.     The allegations in this paragraph are unknown to Defendant ARS at this time and lack sufficient knowledge, without the benefit of discovery, including taking Plaintiff's deposition. Therefore, Defendant ARS shall deny the allegation until such time as proper and sufficient evidence has been provided to either admit or deny the allegation.

37.     Denied to the extent that ARS failed to perform a reasonable investigation on the accuracy of the data furnished to Experian and ARS demands strict proof. Otherwise, denied.

38.     Denied.

39.     The allegations in this paragraph are unknown to Defendant ARS at this time and lack sufficient knowledge, without the benefit of discovery, including taking Plaintiff's deposition. Therefore, Defendant ARS shall deny the allegation until such time as proper and sufficient evidence has been provided to either admit or deny the allegation.

40.     Denied.

41.     Denied.

42.     Denied.

43.     Denied.

<u>**Count I**</u>

**Experian: Fair Credit Reporting Act**

**1681e(b)**

44.     Defendant ARS incorporates by reference all its answers to the above paragraphs 1 to 43 of the Complaint as though fully stated herein.

45.     The allegations contained in the paragraph are asserted statements or evidence that are not presently within the possession, custody, or control of Defendant ARS. Therefore, Defendant ARS lacks the factual knowledge to admit or deny this paragraph. However, to the extent that the allegations are asserted directly or indirectly against Defendant ARS for the admission of liability, direct, indirect, or vicarious, the allegations are denied, and Defendant ARS demands strict proof thereof.

46.     The allegations contained in the paragraph are asserted statements or evidence that are not presently within the possession, custody, or control of Defendant ARS. Therefore, Defendant ARS lacks the factual knowledge to admit or deny this paragraph. However, to the extent that the allegations are asserted directly or indirectly against Defendant ARS for the admission of liability, direct, indirect, or vicarious, the allegations are denied, and Defendant ARS demands strict proof thereof.

47.     The allegations contained in the paragraph are asserted statements or evidence that are not presently within the possession, custody, or control of Defendant ARS. Therefore, Defendant ARS lacks the factual knowledge to admit or deny this paragraph. However, to the extent that the allegations are asserted directly or indirectly against Defendant ARS for the admission of liability, direct, indirect, or vicarious, the allegations are denied, and Defendant ARS demands strict proof thereof.

48.     The allegations contained in the paragraph are asserted statements or evidence that are not presently within the possession, custody, or control of Defendant ARS. Therefore, Defendant ARS lacks the factual knowledge to admit or deny this paragraph. However, to the extent that the allegations are asserted directly or indirectly against Defendant ARS for the admission of liability, direct, indirect, or vicarious, the allegations are denied, and Defendant ARS demands strict proof thereof.

49.     The allegations contained in the paragraph are asserted statements or evidence that are not presently within the possession, custody, or control of Defendant ARS. Therefore, Defendant ARS lacks the factual knowledge to admit or deny this paragraph. However, to the extent that the allegations are asserted directly or indirectly against Defendant ARS for the admission of liability, direct, indirect, or vicarious, the allegations are denied, and Defendant ARS demands strict proof thereof.

50.     The allegations contained in the paragraph are asserted statements or evidence that are not presently within the possession, custody, or control of Defendant ARS. Therefore, Defendant ARS lacks the factual knowledge to admit or deny this paragraph. However, to the extent that the allegations are asserted directly or indirectly against Defendant ARS for the admission of liability, direct, indirect, or vicarious, the allegations are denied, and Defendant ARS demands strict proof thereof.

51.     The allegations contained in the paragraph are asserted statements or evidence that are not presently within the possession, custody, or control of Defendant ARS. Therefore, Defendant ARS lacks the factual knowledge to admit or deny this paragraph. However, to the extent that the allegations are asserted directly or indirectly against Defendant ARS for the

admission of liability, direct, indirect, or vicarious, the allegations are denied, and Defendant ARS demands strict proof thereof.

52.     The allegations contained in the paragraph are asserted statements or evidence that are not presently within the possession, custody, or control of Defendant ARS. Therefore, Defendant ARS lacks the factual knowledge to admit or deny this paragraph. However, to the extent that the allegations are asserted directly or indirectly against Defendant ARS for the admission of liability, direct, indirect, or vicarious, the allegations are denied, and Defendant ARS demands strict proof thereof.

53.     The allegations contained in the paragraph are asserted statements or evidence that are not presently within the possession, custody, or control of Defendant ARS. Therefore, Defendant ARS lacks the factual knowledge to admit or deny this paragraph. However, to the extent that the allegations are asserted directly or indirectly against Defendant ARS for the admission of liability, direct, indirect, or vicarious, the allegations are denied, and Defendant ARS demands strict proof thereof.

54.     The allegations contained in the paragraph are asserted statements or evidence that are not presently within the possession, custody, or control of Defendant ARS. Therefore, Defendant ARS lacks the factual knowledge to admit or deny this paragraph. However, to the extent that the allegations are asserted directly or indirectly against Defendant ARS for the admission of liability, direct, indirect, or vicarious, the allegations are denied, and Defendant ARS demands strict proof thereof.

55.     The allegations contained in the paragraph are asserted statements or evidence that are not presently within the possession, custody, or control of Defendant ARS. Therefore, Defendant ARS lacks the factual knowledge to admit or deny this paragraph. However, to the

extent that the allegations are asserted directly or indirectly against Defendant ARS for the admission of liability, direct, indirect, or vicarious, the allegations are denied, and Defendant ARS demands strict proof thereof.

56.    The allegations contained in the paragraph are asserted statements or evidence that are not presently within the possession, custody, or control of Defendant ARS. Therefore, Defendant ARS lacks the factual knowledge to admit or deny this paragraph. However, to the extent that the allegations are asserted directly or indirectly against Defendant ARS for the admission of liability, direct, indirect, or vicarious, the allegations are denied, and Defendant ARS demands strict proof thereof.

57.    The allegations contained in the paragraph are asserted statements or evidence that are not presently within the possession, custody, or control of Defendant ARS. Therefore, Defendant ARS lacks the factual knowledge to admit or deny this paragraph. However, to the extent that the allegations are asserted directly or indirectly against Defendant ARS for the admission of liability, direct, indirect, or vicarious, the allegations are denied, and Defendant ARS demands strict proof thereof.

## Count II

### Experian: Fair Credit Reporting Act

### 1681i

58.    Defendant ARS incorporates by reference all its answers to the above paragraphs 1 to 57 of the Complaint as though fully stated herein.

59.    The allegations contained in the paragraph are asserted statements or evidence that are not presently within the possession, custody, or control of Defendant ARS. Therefore, Defendant ARS lacks the factual knowledge to admit or deny this paragraph. However, to the

extent that the allegations are asserted directly or indirectly against Defendant ARS for the admission of liability, direct, indirect, or vicarious, the allegations are denied, and Defendant ARS demands strict proof thereof.

60.     The allegations contained in the paragraph are asserted statements or evidence that are not presently within the possession, custody, or control of Defendant ARS. Therefore, Defendant ARS lacks the factual knowledge to admit or deny this paragraph. However, to the extent that the allegations are asserted directly or indirectly against Defendant ARS for the admission of liability, direct, indirect, or vicarious, the allegations are denied, and Defendant ARS demands strict proof thereof.

61.     The allegations contained in the paragraph are asserted statements or evidence that are not presently within the possession, custody, or control of Defendant ARS. Therefore, Defendant ARS lacks the factual knowledge to admit or deny this paragraph. However, to the extent that the allegations are asserted directly or indirectly against Defendant ARS for the admission of liability, direct, indirect, or vicarious, the allegations are denied, and Defendant ARS demands strict proof thereof.

62.     The allegations contained in the paragraph are asserted statements or evidence that are not presently within the possession, custody, or control of Defendant ARS. Therefore, Defendant ARS lacks the factual knowledge to admit or deny this paragraph. However, to the extent that the allegations are asserted directly or indirectly against Defendant ARS for the admission of liability, direct, indirect, or vicarious, the allegations are denied, and Defendant ARS demands strict proof thereof.

63.     The allegations contained in the paragraph are asserted statements or evidence that are not presently within the possession, custody, or control of Defendant ARS. Therefore,

Defendant ARS lacks the factual knowledge to admit or deny this paragraph. However, to the extent that the allegations are asserted directly or indirectly against Defendant ARS for the admission of liability, direct, indirect, or vicarious, the allegations are denied, and Defendant ARS demands strict proof thereof.

64.     The allegations contained in the paragraph are asserted statements or evidence that are not presently within the possession, custody, or control of Defendant ARS. Therefore, Defendant ARS lacks the factual knowledge to admit or deny this paragraph. However, to the extent that the allegations are asserted directly or indirectly against Defendant ARS for the admission of liability, direct, indirect, or vicarious, the allegations are denied, and Defendant ARS demands strict proof thereof.

65.     The allegations contained in the paragraph are asserted statements or evidence that are not presently within the possession, custody, or control of Defendant ARS. Therefore, Defendant ARS lacks the factual knowledge to admit or deny this paragraph. However, to the extent that the allegations are asserted directly or indirectly against Defendant ARS for the admission of liability, direct, indirect, or vicarious, the allegations are denied, and Defendant ARS demands strict proof thereof.

66.     The allegations contained in the paragraph are asserted statements or evidence that are not presently within the possession, custody, or control of Defendant ARS. Therefore, Defendant ARS lacks the factual knowledge to admit or deny this paragraph. However, to the extent that the allegations are asserted directly or indirectly against Defendant ARS for the admission of liability, direct, indirect, or vicarious, the allegations are denied, and Defendant ARS demands strict proof thereof.

67.     The allegations contained in the paragraph are asserted statements or evidence that are not presently within the possession, custody, or control of Defendant ARS. Therefore, Defendant ARS lacks the factual knowledge to admit or deny this paragraph. However, to the extent that the allegations are asserted directly or indirectly against Defendant ARS for the admission of liability, direct, indirect, or vicarious, the allegations are denied, and Defendant ARS demands strict proof thereof.

68.     The allegations contained in the paragraph are asserted statements or evidence that are not presently within the possession, custody, or control of Defendant ARS. Therefore, Defendant ARS lacks the factual knowledge to admit or deny this paragraph. However, to the extent that the allegations are asserted directly or indirectly against Defendant ARS for the admission of liability, direct, indirect, or vicarious, the allegations are denied, and Defendant ARS demands strict proof thereof.

## **Count III**

### **ARS: Fair Credit Reporting Act ("FCRA")**

69.     Defendant ARS incorporates by reference all its answers to the above paragraphs 1 to 68 of the Complaint as though fully stated herein.

70.     Denied. Defendant ARS demands strict proof thereof.

71.     Denied. Defendant ARS demands strict proof thereof.

72.     Denied. Defendant ARS demands strict proof thereof.

73.     Denied. Defendant ARS demands strict proof thereof.

74.     Denied. Defendant ARS demands strict proof thereof.

75.     Denied. Defendant ARS demands strict proof thereof.

76.     Denied. Defendant ARS demands strict proof thereof.

77.     Denied. Defendant ARS demands strict proof thereof.

78.     Denied. Defendant ARS demands strict proof thereof.

79.     Denied. Defendant ARS demands strict proof thereof.

80.     Denied. Defendant ARS demands strict proof thereof.

81.     Denied. Defendant ARS demands strict proof thereof.

82.     Denied. Defendant ARS demands strict proof thereof.

83.     Denied. Defendant ARS demands strict proof thereof.

84.     Denied. Defendant ARS demands strict proof thereof.

85.     Denied. Defendant ARS demands strict proof thereof.

86.     Denied. Defendant ARS demands strict proof thereof.

87.     Denied. Defendant ARS demands strict proof thereof.

88.     Denied. Defendant ARS demands strict proof thereof.

89.     Denied. Defendant ARS demands strict proof thereof.

90.     Denied. Defendant ARS demands strict proof thereof.

91.     Denied. Defendant ARS demands strict proof thereof.

92.     Denied. Defendant ARS demands strict proof thereof.

93.     Denied. Defendant ARS demands strict proof thereof.

94.     Denied. Defendant ARS demands strict proof thereof.

95.     Denied. Defendant ARS demands strict proof thereof.

## Count IV

## Experian: Fair Credit Reporting Act ("FCRA")

## 1681c-2

96.     Defendant ARS incorporates by reference all its answers to the above paragraphs 1 to 95 of the Complaint as though fully stated herein.

97.     The allegations contained in the paragraph are asserted statements or evidence that are not presently within the possession, custody, or control of Defendant ARS. Therefore, Defendant ARS lacks the factual knowledge to admit or deny this paragraph. However, to the extent that the allegations are asserted directly or indirectly against Defendant ARS for the admission of liability, direct, indirect, or vicarious, the allegations are denied, and Defendant ARS demands strict proof thereof.

98.     The allegations contained in the paragraph are asserted statements or evidence that are not presently within the possession, custody, or control of Defendant ARS. Therefore, Defendant ARS lacks the factual knowledge to admit or deny this paragraph. However, to the extent that the allegations are asserted directly or indirectly against Defendant ARS for the admission of liability, direct, indirect, or vicarious, the allegations are denied, and Defendant ARS demands strict proof thereof.

99.     The allegations contained in the paragraph are asserted statements or evidence that are not presently within the possession, custody, or control of Defendant ARS. Therefore, Defendant ARS lacks the factual knowledge to admit or deny this paragraph. However, to the extent that the allegations are asserted directly or indirectly against Defendant ARS for the admission of liability, direct, indirect, or vicarious, the allegations are denied, and Defendant ARS demands strict proof thereof.

100.    The allegations contained in the paragraph are asserted statements or evidence that are not presently within the possession, custody, or control of Defendant ARS. Therefore, Defendant ARS lacks the factual knowledge to admit or deny this paragraph. However, to the extent that the allegations are asserted directly or indirectly against Defendant ARS for the admission of liability, direct, indirect, or vicarious, the allegations are denied, and Defendant ARS demands strict proof thereof.

101.    The allegations contained in the paragraph are asserted statements or evidence that are not presently within the possession, custody, or control of Defendant ARS. Therefore, Defendant ARS lacks the factual knowledge to admit or deny this paragraph. However, to the extent that the allegations are asserted directly or indirectly against Defendant ARS for the admission of liability, direct, indirect, or vicarious, the allegations are denied, and Defendant ARS demands strict proof thereof.

102.    The allegations contained in the paragraph are asserted statements or evidence that are not presently within the possession, custody, or control of Defendant ARS. Therefore, Defendant ARS lacks the factual knowledge to admit or deny this paragraph. However, to the extent that the allegations are asserted directly or indirectly against Defendant ARS for the admission of liability, direct, indirect, or vicarious, the allegations are denied, and Defendant ARS demands strict proof thereof.

103.    The allegations contained in the paragraph are asserted statements or evidence that are not presently within the possession, custody, or control of Defendant ARS. Therefore, Defendant ARS lacks the factual knowledge to admit or deny this paragraph. However, to the extent that the allegations are asserted directly or indirectly against Defendant ARS for the

admission of liability, direct, indirect, or vicarious, the allegations are denied, and Defendant ARS demands strict proof thereof.

104.    The allegations contained in the paragraph are asserted statements or evidence that are not presently within the possession, custody, or control of Defendant ARS. Therefore, Defendant ARS lacks the factual knowledge to admit or deny this paragraph. However, to the extent that the allegations are asserted directly or indirectly against Defendant ARS for the admission of liability, direct, indirect, or vicarious, the allegations are denied, and Defendant ARS demands strict proof thereof.

105.    The allegations contained in the paragraph are asserted statements or evidence that are not presently within the possession, custody, or control of Defendant ARS. Therefore, Defendant ARS lacks the factual knowledge to admit or deny this paragraph. However, to the extent that the allegations are asserted directly or indirectly against Defendant ARS for the admission of liability, direct, indirect, or vicarious, the allegations are denied, and Defendant ARS demands strict proof thereof.

106.    The allegations contained in the paragraph are asserted statements or evidence that are not presently within the possession, custody, or control of Defendant ARS. Therefore, Defendant ARS lacks the factual knowledge to admit or deny this paragraph. However, to the extent that the allegations are asserted directly or indirectly against Defendant ARS for the admission of liability, direct, indirect, or vicarious, the allegations are denied, and Defendant ARS demands strict proof thereof.

107.    The allegations contained in the paragraph are asserted statements or evidence that are not presently within the possession, custody, or control of Defendant ARS. Therefore, Defendant ARS lacks the factual knowledge to admit or deny this paragraph. However, to the

extent that the allegations are asserted directly or indirectly against Defendant ARS for the admission of liability, direct, indirect, or vicarious, the allegations are denied, and Defendant ARS demands strict proof thereof.

108.    The allegations contained in the paragraph are asserted statements or evidence that are not presently within the possession, custody, or control of Defendant ARS. Therefore, Defendant ARS lacks the factual knowledge to admit or deny this paragraph. However, to the extent that the allegations are asserted directly or indirectly against Defendant ARS for the admission of liability, direct, indirect, or vicarious, the allegations are denied, and Defendant ARS demands strict proof thereof.

**Count V**

**ARS: Fair Debt Collection Practices Act ("FDCPA")**

**1692e, 1692e(2)(A), 1692e(10)**

109.    Defendant ARS incorporates by reference all its answers to the above paragraphs 1 to 108 of the Complaint as though fully stated herein.

110.    Denied. Defendant ARS demands strict proof thereof.

111.    Denied. Defendant ARS demands strict proof thereof.

112.    Denied. Defendant ARS demands strict proof thereof.

113.    Denied. Defendant ARS demands strict proof thereof.

114.    Denied. Defendant ARS demands strict proof thereof.

115.    Denied. Defendant ARS demands strict proof thereof.

116.    Denied. Defendant ARS demands strict proof thereof.

117.    Denied. Defendant ARS demands strict proof thereof.

118.    Denied. Defendant ARS demands strict proof thereof.

119.    Denied. Defendant ARS demands strict proof thereof.

120.    Denied. Defendant ARS demands strict proof thereof.

121.    Denied. Defendant ARS demands strict proof thereof.

122.    Denied. Defendant ARS demands strict proof thereof.

123.    Denied. Defendant ARS demands strict proof thereof.

124.    Denied. Defendant ARS demands strict proof thereof.

125.    Denied. Defendant ARS demands strict proof thereof.

126.    Denied. Defendant ARS demands strict proof thereof.

127.    Denied. Defendant ARS demands strict proof thereof.

128.    Denied. Defendant ARS demands strict proof thereof.

129.    Denied. Defendant ARS demands strict proof thereof.

130.    Denied. Defendant ARS demands strict proof thereof.

131.    Denied. Defendant ARS demands strict proof thereof.

132.    Denied. Defendant ARS demands strict proof thereof.

133.    Denied. Defendant ARS demands strict proof thereof.

134.    Denied. Defendant ARS demands strict proof thereof.

## **Jury Demand**

Defendant hereby demands a jury trial for any allegations or claims remaining after ruling on any dispositive motion filed by the Defendants.

## **AFFIRMATIVE DEFENSES**

## **FIRST AFFIRMATIVE DEFENSE**

The Plaintiff failed to state a claim upon which relief can be granted. Therefore, Plaintiff's claims should be dismissed pursuant to Rule 12(b)(6) Fed. R. Civ. P.

**SECOND AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred in whole or part by the applicable statute of limitations.

**THIRD AFFIRMATIVE DEFENSE**

Any violation of the law or damage suffered by Plaintiff, which ARS denies, was due to the affirmative actions and/or omissions of Plaintiff or others and does not give rise to any liability against ARS.

**FOURTH AFFIRMATIVE DEFENSE**

While ARS denies that Plaintiff has been damaged in any way, if it should be determined that Plaintiff has been harmed, then ARS alleges ARS did not cause such damage but was proximately caused or contributed to by the conduct of others for whom ARS is not responsible or liable.

**FIFTH AFFIRMATIVE DEFENSE**

Plaintiff's claims for relief are barred in whole or in part because ARS acted reasonably and in good faith at all times.

**SIXTH AFFIRMATIVE DEFENSE**

To the extent Plaintiff has been damaged, which ARS specifically denies, Plaintiff has failed to mitigate those damages and, therefore, should not be able to recover any unmitigated damages from ARS.

**SEVENTH AFFIRMATIVE DEFENSE**

Plaintiff is not entitled to recover any damages, or any recovery awarded should be reduced by the amount of damages which reasonably could have been avoided, because Plaintiff failed to take reasonable steps to mitigate her damages concerning the matters alleged in the Complaint.

## EIGHTH AFFIRMATIVE DEFENSE

ARS conducted a reasonable re-investigation to determine the accuracy of the information furnished to the credit reporting agencies relying on the original creditor's information. Such actions were reasonable and were neither negligent nor willful.

## NINTH AFFIRMATIVE DEFENSE

ARS conducted a reasonable re-investigation to determine the accuracy of the information furnished to the credit reporting agencies relying on the information from the original creditor. Such actions were determined to be accurate and reasonable.

## TENTH AFFIRMATIVE DEFENSE

Defendant affirmatively alleges that the alleged actions of Defendant and its agents and employees are protected by the "bona fide error" defense pursuant to the Fair Debt Collection Practices Act ("FDCPA"), Section 1692k, since such actions or inactions, if they occurred, were not intentional and resulted from a bona fide error notwithstanding the Defendant's maintenance of procedures reasonably adapted to avoid such error.

## ELEVENTH AFFIRMATIVE DEFENSE

Defendant affirmatively alleges that Plaintiff's claim under the FDCPA is barred to the extent that any actions or inactions claimed against Defendant ARS were more than one year from filing this Complaint.

## TWELFTH AFFIRMATIVE DEFENSE

Defendant affirmatively alleges that Plaintiff's claim under the FCRA is barred to the extent that any actions or inactions claimed against Defendant ARS were beyond the statute of limitations of this statute.

**WHEREFORE,** Defendant, ARS prays for an order and judgment of this Court in its favor against Plaintiff as follows:

1.      Dismissing all alleged causes of action against ARS with prejudice and on the merits; and

2.      Award ARS such other and further relief as the Court deems just and equitable, including its fees and reasonable costs in defending against this action.

Dated this **29th** day of **March 2023.**

Respectfully submitted,

*/s/ Ernest H. Kohlmyer, III*
Ernest H. Kohlmyer, III

<u>**CERTIFICATE OF SERVICE**</u>

I HEREBY CERTIFY that a copy of the foregoing was electronically filed on **March 29, 2023**, with the Clerk of the Court using the electronic filing system. I certify that the foregoing has been sent via electronic transmission to Craig B. Sanders, Esquire of Sanders Law Group, at *csanders@sanderslaw.group,* and other counsel of record.

<u>/s/ Ernest H. Kohlmyer, III</u>
Ernest H. Kohlmyer, III, Esq., LL.M.
Florida Bar No.: 0110108
*SKohlmyer@Shepardfirm.com*
*service@ShepardFirm.com*
Shepard, Smith, Kohlmyer & Hand, P.A.
2300 Maitland Center Parkway, Suite 100
Maitland, Florida 32751
Phone: (407) 622-1772
Fax: (407) 622-1884
*Attorneys for Defendant, HEALTHCARE REVENUE RECOVERY GROUP, LLC d/b/a ARS ACCOUNT RESOLUTION SERVICES*